1  William J. Hurley III, Esq. (SBN 188301)
   1620 5th Avenue, Suite 900
2  San Diego, California 92101
   Telephone: (619) 564-8414
3  Facsimile: (619) 795-9501

4  Attorney for Plaintiff
   Three Rivers Provider Network

FILED

2007 SEP 28  AM 10: 48

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10 THREE RIVERS PROVIDER NETWORK,
   INC.,

11              Plaintiff,

12      v.

13 MERITAIN HEALTH, INC. fka NORTH
   AMERICAN HEALTH PLANS, INC., and
14 DOES 1-100,

15              Defendants.

Case No. '07 CV 1900 J (BLM)

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

18       Plaintiff Three River Provider Network, Inc. ("TRPN") on behalf of itself and all others

19 similarly situated alleges, based upon personal knowledge as to TRPN and the acts related to TRPN

20 stated herein, and as to all other matters, upon information and belief based upon, *inter alia*, the

21 investigations made by TRPN and TRPN's attorneys and demands a jury trial as follows:

22                               **NATURE OF THE ACTION**

23       As more fully set forth herein, Plaintiff TRPN is a Preferred Provider Organization ("PPO")

24 which consists of more than 1,400,000 provider locations nationally, which locations represent direct

25 contracts between TRPN and health care providers. TRPN contracts provide discounts on group

26 health and other claims. TRPN owns the Managed Care Strategies ("MCS") and Buckeye Preferred

27 Network and manages the provision of the discounts. In early 2004, Defendant Meritain Health, Inc.

28 fka North American Health Plans, Inc. (hereinafter collectively "Meritain") entered into a contract

with TRPN whereby Meritains' clients and/or members, were to gain access to TRPN's network to attain reductions in health care costs through the TRPN network.

This action involves numerous breaches by Meritain of that underlying agreement, resulting in violations of California's unfair competition, false advertising and fraud laws. The multiple breaches rise to the level of violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). Meritain has also violated both State of California and ERISA laws pertaining to the illegal taking of discounts through "Silent PPO" arrangements.

## JURISDICTION

1.      This Court has jurisdiction over the action since there is a complete diversity of citizenship between all plaintiffs and all defendants in this matter. As will be more fully explained below, the amount in dispute in this action, exclusive of interest and costs, greatly exceeds the sum of $75,000, which is the jurisdictional minimum. Therefore, this Court has jurisdiction over the dispute by virtue of 28(I) U.S.C. §1332. Plaintiff has been damaged in an amount equal to the illegal discounts taken for services rendered, (the full amount of which has not yet been ascertained, but is in excess of $20 million), plus an amount equal to the value of the service, material, product and network access taken by Defendants without Plaintiff's knowledge.

2.      This Court is the proper court because the named Plaintiff is headquartered in and operates the TRPN network out of their office located in the County of San Diego, State of California. Venue is also proper as the contract at issue is governed by and construed in accordance with the laws of the state where the network maintains its headquarters, which is the County of San Diego in the State of California, and the multiple breaches of the contract giving rise to this action occurred here.

## PARTIES

3.      Plaintiff TRPN is a Nevada corporation qualified to do business in California with its headquarters located at 1620 Fifth Avenue, Suite 900, San Diego, CA 92101. TRPN owns and operates the Managed Care Strategies ("MCS") network and provides discounts, through direct contracts between TRPN and health care providers, on group health and other liability claims. TRPN additionally has contracts with several of the largest health care carriers in the United States.

1      4.      Defendant Meritain is a business organization, form unknown, with principal offices

2  located at 300 Corporate Parkway, in Amherst, New York.  On information and belief, Meritain also

3  has corporate offices in other states.  Defendant contracted directly with Plaintiff to attain reductions

4  in discounts through access to Plaintiff's network.  Meritain transacts substantial business in

5  California, and especially here in San Diego, California, but also affects interstate commerce

6  throughout the states of the nation.

7      5.      Plaintiff is informed and believes, and thereon alleges, that Defendants named herein

8  as Does 1 through 100 were responsible in some manner for the matters alleged in this complaint, as

9  well as for the damages caused thereby.  The true names and capacities of these Defendants named

10  as Does 1 through 100 are presently unknown to Plaintiff.  Plaintiff will amend this complaint when

11  such names and/or capacities are ascertained.

12      6.      Plaintiff is informed and believes, and thereon alleges, that at all times material

13  hereto, each Defendant, including those named fictitiously herein, in addition to acting for himself,

14  herself, or itself, and on his, her or its own behalf, is and was acting as the agent, servant, employee

15  and representative of, and with the knowledge, consent and permission of each and all of the other

16  Defendants and within the course, scope and authority of such agency, service, employment and

17  representation.  Plaintiff is further informed and believes, and thereon alleges, that the acts of each

18  Defendant referred to in this complaint were fully ratified by all of the other Defendants herein.

19              **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20      7.      On or about June 4, 2004, the parties entered into a written agreement whereby TRPN

21  leased access to Plaintiff's network of discounts on group healthcare claims to Meritain.  A true and

22  correct copy of that contract is attached hereto as Exhibit 1.

23      8.      Pursuant to this contract, in exchange for TRPN's agreement to provide Meritain's

24  clients access to TRPN's network, Meritain agreed, *inter alia*, to pay TRPN a fee of a specified

25  percentage of the savings received.

26      9.      In Paragraph 5 of the contract, Meritain also agreed to ensure that Plaintiff was

27  identified specifically by name on the Explanation of Benefits ("EOB") form.  This is important

28  because TRPN's contracts with providers require that TRPN be identified on the EOB.

10.     Despite its agreement to do so, Meritain did not use any effort to include Plaintiff TRPN's name on the EOB forms.  This practice resulted in a large number of provider inquiries directly to TRPN, when the providers did not recognize the names that were used on the EOBs, since Meritain had failed in their responsibility to place TRPN's name on the form.  Rather than meeting their duties under the contract, Meritain began as early as 2004 to consistently and repeatedly omit TRPN's name on the EOB form, or erroneously identify another entity as the source of the discount, and this practice continues until the present day.  For example, on October 28, 2004, TRPN received an inquiry from a provider who could not properly identify the source of a discount based on Defendant's practice of misidentification on the EOBs.  This particular provider wrote to TRPN and expressed their confusion stating:

> "I am having a hard time reading these explanation of benefits.  Please review the attached EOBs and contact me at the number above.  I contacted the payor and they said there was an agreement made thru (sic) Global Claims Resources.  We did not make an agreement with GCR, but do have a contract with TRPN.   I am really confused."

In this way, Meritain's custom and practice of breaching the contract and misidentifying the source of the discounts on the EOBs directly interfered with TRPN's ability to do business with their providers.  TRPN personnel had to spend their time and efforts responding to the providers' confusion caused by the multiple breaches of contract.  This particular inquiry was especially troubling in that TRPN had a difficult history with the company identified on the EOB, GCR.  TRPN had previously granted access to its network to GCR, which company then repriced claims without payment to TRPN.  TRPN had been forced to bring a lawsuit against GCR and its owner, Chris Jackson, which suit was eventually settled.  Meritain was aware of the issues with GCR and knew that GCR was not allowed access to TRPN as a result.  TRPN continued to receive EOBs from Meritain indicating that GCR had access, through Meritain, to TRPN discounts.

11.     This is only one example of repeated instances where Defendant Meritain allowed its client to receive a discount on a provider's bill by utilizing the TRPN network, without including the name on the EOB.  This is critical because it is only through those EOBs that TRPN can accurately and comprehensively determine the total amount of discounts and, therefore, the fee to which TRPN

1   is entitled from Defendants.  Plaintiff is informed and believes, and thereon alleges, that Defendants

2   intentionally omitted or misidentified the data on the EOB forms so that TRPN would not discover

3   Defendant's scheme to avail themselves and their clients of discounts through the TRPN/MCS

4   network without paying the contract fee for those discounts.

5          12.     Plaintiff is informed, believes and thereon alleges, that Defendant's failure to place

6   TRPN's name on the EOBs was part of Defendant's plan to defraud Plaintiff out of the fees to which

7   Plaintiff was entitled under the contract and to receive discounts from providers to which Meritain

8   was not entitled and to create a course of conduct by which providers accept discounts directly from

9   Meritain not TRPN.  Plaintiff is informed, believes and thereon alleges that Defendants knew that

10  the statements on the EOBs naming someone other than TRPN were false when made, and that

11  Defendants did so with the intent to mislead Plaintiff and others.

12         13.     TRPN also discovered that beginning in 2005, Meritain began to intentionally

13  miscalculate the amount of fees owed to TRPN under the contract.  The contract called for Meritain

14  to pay TRPN 10% of the savings received by Meritain, but Meritain instead began to send TRPN

15  access fees representing only 8% of savings. By the time this error was discovered by TRPN,

16  Meritain had underpaid TRPN in the amount of $95,000.00.  When TRPN pointed out the error to

17  Meritain, Meritain admitted that they had underpaid TRPN but refused to pay the $95,000 due under

18  the contract.

19  **California's Prohibition of "Silent PPO" Activities**

20         14.     California has a wide body of statutory and decisional law indicating the public

21  policy in favor of preventing "Silent PPO" situations, such as the one presented here.  For example,

22  California statutory law provides that "contracting agents" that sell, lease or transfer such contracted

23  discounts can no longer transfer just the discount, rather, "the rights and obligations of the provider

24  shall be governed by the underlying contract between the health care provider and contracting

25  agent."  California Business & Professions Code, §511.3; California Health & Safety Code §1375.7;

26  California Insurance Code §10178.4; California Labor Code §4610.  Additionally, except for payors

27  providing workers compensation insurance, California law provides that payors claiming a discount

28  must provide an explanation of benefits (EOB) that identifies the name of the plan or network that

has a written agreement signed by the physician whereby the payor is entitled to pay a preferred rate. The California Medical Association's legal counsel has opined that California law has provided a mechanism that ensures that the pernicious effects of "Silent PPOs" are minimized. The CMA legal counsel has stated in legal opinions that they believe that "Silent PPO" practices amount to theft and that restitutionary disgorgement of profits should be a remedy available to the victims of "Silent PPO" activities under California's unfair competition law.

15.    The strong public policy against "Silent PPO" activities in California law is necessary to prevent the kind of illegal activities which have taken place here as a result of Meritains' actions. Meritain is essentially keeping TRPN providers and Meritains' clients from discovering each others identities and from knowing through which underlying contract the provider's services are being compensated. This is the very situation that California's "Silent PPO" laws are designed to avoid.

**More Unauthorized Access**

16.    TRPN also discovered that one of Meritains' wholly owned subsidiaries, CBSA, was improperly accessing the TRPN network without reporting their use or making payment to TRPN. TRPN was made aware that Joseph Coffey, Director of Cost Management Strategies at CBSA, was instructing a CBSA employee, Albert Perez, to use the TRPN discount rate without identifying TRPN on the EOB and without reporting the discounts taken to TRPN. TRPN sent claims to CBSA's general counsel along with a cease and desist letter. CBSA's counsel responded that the discounts had been taken erroneously. Joe Coffey later admitted to TRPN's Chief Executive Officer at a meeting arranged by the CBSA counsel that CBSA had accessed the TRPN network and discounts in a way which was unauthorized and violated "Silent PPO" laws and that CBSA was not entitled to the discounts taken. He agreed that CBSA would make arrangements to set up direct and proper access to the TRPN network, but he has never done so.

**Meritain's Administrative Fee Scheme**

17.    Meritain has breached its duties in fiduciary relationships with its clients/employer groups in obtaining and maintaining health care benefits. Plaintiff is informed and believes and thereon alleges that Meritain charged their clients administrative fees without disclosing these fees as such to their clients/employer groups. Meritain then began to charge the same administrative fees

1   to their vendors, including TRPN, essentially collecting twice for administrative costs which had not

2   actually been incurred.

3        18.    On January 4, 2005, Meritain sent correspondence to TRPN stating that Meritain was

4   instituting an "Administrative Services Fee" for all of their vendor/partners including TRPN. The

5   letter attached a quotation for a monthly service fee in the amount of $7000 and stated that anyone

6   agreeing to the quoted fee would "maintain their relative vendor position" with regard to Meritain.

7   In essence, this meant that TRPN had to accept the fees in order to stay in business with Meritain.

8   TRPN was not aware at this time that the administrative fees were not justified by actual costs or that

9   Meritain was also charging the same fees to their clients/employer groups.  TRPN paid this monthly

10   "Administrative Services Fee" for approximately nine months and despite the payment, Meritain

11   continued to omit TRPN from the EOBs and harm TRPN in the ways detailed above.  TRPN

12   eventually discovered that despite its payment of these fees it had lost its relative vendor position

13   with Meritain and that Meritain had dropped TRPN down in their vendor hierarchy.  It was only

14   after TRPN pointed this out to Meritain's accounting department that Meritain quit attempting to bill

15   TRPN for the administrative fees.

16

17                            **FIRST CAUSE OF ACTION**

18           **(False and Misleading Advertisement in Violation of**
              **California Business & Professions Code §§17200 et seq.)**

19                 **(Unfair Business Practices Statutes)**
                     **(Against all Defendants)**

20        19.    Plaintiff incorporates by reference all preceding paragraphs as fully set forth herein

21   and further alleges as follows:

22        20.    Section 17200 et seq. of the California Business & Professions Code prohibits acts of

23   unfair competition, which includes any "unfair, deceptive, untrue or misleading advertising."

24        21.    Defendants' false statements on the EOB forms regarding the entity providing the

25   discounts are likely to and have deceived members of the public.  The misleading statements on the

26   EOBs falsely identify the source of the discount, making it impossible for readers of the EOBs to

27   determine that the discounts were garnered through TRPN.  As a result of Defendant's false

28   advertising, Plaintiff TRPN has suffered damages.  As a result of the conduct described above,

1   Defendants have been and will be unjustly enriched at the expense of Plaintiff and the general

2   public.  Specifically, Defendants have been unjustly enriched by the receipt of millions of dollars in

3   wrongfully identified discounts which were supported by EOBs which affirmatively misrepresented

4   the source of those discounts.  At the time those statements were made on the EOBs, Defendants

5   knew, or in the exercise of reasonable care, should have known, those statements to be false.

6

### SECOND CAUSE OF ACTION
7   (Unfair Competition – Business and Professions Code §17200 et seq.)
(Against all Defendants)
8

9   22.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here

10  and further alleges as follows:

11  23.   Defendants are in violation of California statutory law regarding "Silent PPO"

12  activities, including, but not limited to, Business and Professions Code §511.3; California Health and

13  Safety Code §1375.7; California Insurance Code §10178.4; and Labor Code §4610.  Defendants'

14  actions violate the public policy encompassed in the California "Silent PPO" law, in that Defendants

15  violated the terms of the underlying contract which TRPN had with the providers by, among other

16  things, failing to disclose TRPN as the source of the discounts on the EOB forms.

17  24.   The Unfair Competition Act ("UCA"), California Business & Professions Code

18  §17200 et seq. prohibits any "unlawful, unfair or fraudulent business practices."  §17203 provides

19  that any "person who engages, has engaged or proposes to engage in unfair competition may be

20  enjoined in any court of competent jurisdiction."  Defendants' actions as outlined herein are

21  unlawful business practices and therefore violate Business & Professions Code 17200 et seq.

22  25.   TRPN has been damaged as a result of Defendants' actions.

### THIRD CAUSE OF ACTION
23  (Breach of Contract)
(Against all Defendants)
24

25  26.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here

26  and further alleges as follows:

27  27.   The written contract between TRPN and Meritain provides responsibilities and duties

28  for each party, and is attached as Exhibit 1 with an effective date beginning June 4, 2004.

28. Meritain breached that agreement by among other things:

- Failing to use any efforts whatsoever to refer to TRPN directly on the EOBs;

- Failing to pay TRPN the correctly accounted for percentage of the savings Defendants received as a result of the access to TRPN's network, and;

- Discontinuing payment under the contract as a result of TRPNs' inquiries regarding the miscalculated amounts due under the contract.

29. Plaintiff has faithfully performed all obligations, conditions, covenants and promises on its part to be performed under the agreement, except for those conditions, covenants and promises that have been prevented or excused by Defendant's conduct.

30. As a proximate result of the Defendants' breaches of contract, Plaintiff has suffered, and will continue to suffer damages in an amount to be proven at trial and in excess of this Court's jurisdictional minimum.

## FOURTH CAUSE OF ACTION
### (Fraud)
### (Against all Defendants)

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

32. When Defendants made and/or caused to be made the misrepresentations set forth herein on the EOBs, and/or caused said misrepresentations to be made, they knew of the falsity of the representations and made the representations with the intent to induce TRPN and others to rely on the statements in the EOBs.

33. Throughout the time alleged herein, TRPN was ignorant of the falsity of the representations made by Defendants on the EOBs and relied on these representations with respect to continuing to work with Defendants and in calculating the fees owed them under the network agreement. Had TRPN known the true facts, Plaintiff would have investigated the accountings more fully earlier and avoided the losses and damages incurred as alleged herein.

34.     As a result of the intentional misrepresentations described herein, TRPN has been damaged by providing Meritain clients with more than over $20 million worth of discounts, the exact amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### (Conversion)
### (Against All Defendants)

35.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

36.     TRPN possessed an ownership interest in the discounts that they contracted directly with their providers.  TRPN's discount network, its assets and all economic benefits and advantages inured to TRPN's benefit.  TRPN further had a legal, equitable, and contractual entitlement to the contracted discounts with the providers.

37.     Defendants, and each of them, wrongfully converted TRPNs' assets, property, property rights and the proceeds thereon, and have misappropriated and usurped for their own economic benefit said assets, property, proceeds and property rights belonging to TRPN.

38.     At all times herein mentioned, Defendants and each of them acted in furtherance of a scheme to intentionally misappropriate TRPN's property in the form of contracted discounts. Plaintiff is informed and believes, and thereon alleges that Defendants have converted those discounts to their own benefit and intend to permanently deprive TRPN of those assets.

39.     As a result of Defendants' acts, TRPN has been deprived of the contracted discounts in an amount believed to be in excess of $20 million.  The exact amount to be proven at the time of trial.

### SIXTH CAUSE OF ACTION
### (Racketeering Influence and Corrupt Organizations)
### (Against all Defendants)

40.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

41. This venue is proper for prosecution of this action, pursuant to 18 U.S.C. §1965(d), as Defendants at all relevant times transacted business in the County of San Diego and Defendants at this time are presently transacting business within the County of San Diego.

42. As more particularly alleged below, Defendants herein, through a pattern of racketeering activity, directly or indirectly, engaged in, maintained and controlled an enterprise which substantially affects interstate commerce and which damaged TRPN and TRPN's business and/or property. Meritain's enterprise substantially affects interstate commerce inasmuch as it operates services, including health care transaction processing, throughout the United States and advertises through its website on the Internet. Meritain also routinely utilizes the United States mails and wires as well as the Internet, on an interstate basis and generally has a very substantial impact upon interstate commerce.

43. Defendants, and each of them, formulated, initiated, implemented, offered to, and are presently engaged in perpetuating a scheme to deprive Plaintiff of money and property by means of false and fraudulent pretenses, representations and promises. More particularly, Defendants, beginning in 2004 and continuing consistently until the present, agreed and undertook to wrongfully deprive TRPN of the benefits of the TRPN network, and to appropriate, cease and convert the tools and assets of the TRPN network unto themselves, in order to misappropriate and retain the economic benefit and profits from leasing access to that network to others, until the same were converted into cash or cash equivalents.

44. Between June, 2004, and the present, Defendants have engaged in a pattern of racketeering activity by engaging in the following indictable offenses, all with the specific intent to deceive or defraud Plaintiff by furthering the goals of Defendant's fraudulent scheme through false or fraudulent pretenses:

a) On October 28, 2004, by utilizing the United States mail and/or United States wires in forwarding correspondence and attached EOB from Defendant Meritain to the provider in furtherance of Defendant's scheme, with the specific intent to deceive and defraud TRPN with respect to the omission of TRPN's name from that document;

b)      On November 22, 2006, by utilizing the United States mail and/or United States wires in forwarding correspondence from Defendant Meritain to the provider in furtherance of Defendant's scheme, with the specific intent to deceive and defraud TRPN regarding the omission of TRPN's name from the EOB document;

c)      Plaintiff is informed and believes and thereon alleges that Defendants, not earlier than June 4, 2004, and up to the present, have engaged in other indictable offenses constituting predicate acts under 18 U.S.C. §§1961 et seq. and unequivocally demonstrating that Defendants, as a general practice, conduct their business through racketeering activity, thereby demonstrating a pattern.

45.      In acting as alleged herein above, Defendants have violated 18 U.S.C. §1962(a) inasmuch as they have used and invested proceeds derived from their activities to acquire, or attempt to acquire, and to operate Defendant's racketeering enterprise.

46.      Defendants have violated 18 U.S.C. §1962(b) by wrongfully acquiring, or purporting to acquire Plaintiff's interest in the right to the profit derived from the TRPN network through the pattern of racketeering activity detailed above.

47.      By engaging in the pattern of racketeering alleged hereinabove, Defendants have violated 18 U.S.C. §1962(c) by conducting and participating, directly and indirectly, in the conduct and maintenance of the racketeering enterprise.

48.      The Defendants and each of them agreed and conspired with each other defendant and others, to perpetrate the aforementioned violations of 18 U.S.C. §§1962(a)(b) and (c) and, in engaging in a pattern of racketeering activity referred to hereinabove, acted in furtherance of the agreed upon plan to commit the alleged predicate acts to advance and further their scheme.

49.      Plaintiff TRPN has been damaged in its business and property by being fraudulently deprived of the proceeds of the TRPN network and their contractual right to receipt of substantial money in the form of percentage of discounts offered by Defendants.  Defendant's racketeering activity enabled them to deceive Plaintiff and thereby gain control of the assets of the discounts provided over the TRPN network, all documenting a substantial nexus between Defendant's racketeering activity, their RICO enterprise and Plaintiff's economic damages.

50.     Defendants' racketeering activities in violation of 18 U.S.C. §1962 were a legal cause of Plaintiff's economic injury in a sum in excess of this Court's jurisdictional minimum and which is believed by Plaintiff to be in excess of $20 million.

51.     Pursuant to 18 U.S.C. §1964, Plaintiff is entitled to three times their actual economic damages.  Plaintiff is informed and believes, and thereon alleges, that Defendant's racketeering activity is ongoing and, hence, is not closed.  Specifically, Defendant's RICO enterprise is even at the present time engaged in attempting to market, lease, alienate, convey, and otherwise utilize for Defendant's sole economic benefit, the assets of their enterprise for Defendant's own gain and continue to collect profits and other financial benefit from the Defendants' activities to TRPN's detriment.

52.     Plaintiff is informed and believes, and thereon alleges, that Defendants' ongoing conduct clearly presents a continued threat of repeated racketeering activity at present and in the future as documented by Defendant's pattern of conduct.

WHEREFORE, Plaintiff demands jury trial and prays for relief against Defendants as follows:

1.     For compensatory damages according to proof;

2.     For treble damages under 18 U.S.C. §1964;

3.     For prejudgment interest according to proof;

4.     For costs of suit, including expert fees and costs incurred herein;

5.     For reasonable attorneys' fees; and

6.     For such other and further relief as the Court may deem just and proper.

Dated:     September 28, 2007

By: _____
William J. Hurley III
Attorney for Plaintiff Three Rivers Provider Network

# EXHIBIT 1

<u>LETTER OF INTENT</u>

Date  6/4/04

Susan Schrembs
Director of Operations
North American Health Plans
300 Corporate Parkway
Amherst, New York 14226

Dear Sue:

This Letter confirms the intent of <u>North American Health Plans</u> ("Client") and Three Rivers Provider Network to pursue a formal agreement to be effective <u>6/1/04</u>.  Both parties agree to pursue a formal agreement subject to the following:

1.  A mutually acceptable contract is negotiated and executed between Client and Three Rivers Provider Network within ninety (35) days from the date of this Letter, at such time if a formal contract is not executed both parties reserve the right to terminate this letter of intent at any time.

2.  Both parties have fully disclosed those circumstances, conditions or other factors ("factors") that they are aware of at the time this Letter is executed that could have a bearing on the other party's decision to continue developing an agreement with the other party.  Furthermore, both parties agree to notify the other party within a reasonable time if future factors arise that may have bearing on the other party's decision to continue developing an agreement with the other party.  Three Rivers Provider Network shall not be liable for claims decisions of TPA or Payor or payments of claims due from a Payor or TPA.  Three Rivers Provider Network shall not be an insurer, guarantor or underwriter of the responsibility or liability of TPA or a Payor of TPA under any benefit plan or liable for any breach by a Participating Provider of an agreement with Three Rivers Provider Network.  Each party shall indemnify, defend and hold harmless the other party from liability arising out of its acts or omissions.

3.  Both parties acknowledge that confidential and proprietary information ("Confidential Information") will be exchanged as part of developing an agreement and through ongoing work with one another during the term of this Letter.  As such, both parties agree not to cause or permit the disclosure, reproduction, use, transfer or dissemination of any or all of the Confidential Information, in any form whatsoever, unless compelled to do so by a court or administrative tribunal.  Both parties agree to use their best efforts to protect the Confidential Information consistent with a manner in which they protect their most confidential business and patient information.

4.  Three Rivers Provider Network grants to Client the right to access the network of health care providers comprising the Three Rivers Provider Network (the "PPO Network") and to enjoy the benefit of the PPO Network rates offered by PPO Network providers (the "Network Rates") in effect at the time services are provided.  Three Rivers Provider Network will make the Network Rates available to individuals who are entitled to benefits under a group health or other health plan offered, underwritten or administered by Client.  Client will apply the applicable Fee Schedule in accordance with the terms of the contracts of the Participating Providers; and

Exhibit 1, pg. 1

Page Two

5. Client shall ensure that the Three Rivers Provider Network and /or its' affiliate partners are identified on the EOB (Explanation of Benefits).

6. Client will pay claims of Participating Providers in the amount as determined by the Fee Schedule within a timely manner of receipt of a clean claim (as determined by Three Rivers Provider Network).

7. Client agrees to pay to Three Rivers Provider Network the following fees outlined in Attachment "A", within thirty (30) days of the invoice date.

Sincerely,

John Crumpton
Chief Marketing Officer

This Letter of Intent is acknowledged and accepted by:

NORTH AMERICAN HEALTH PLANS
300 Corporate Parkway
Amherst, New York 14226

By: _Susan Schrembs_
Name: Susan Schrembs
Title: Director of Operations
Date: 6/10/04

THREE RIVERS PROVIDER NETWORK
2220 Otay Lakes Rd., #50291
Chula Vista, CA 91915

By: _____
Name: John Crumpton
Title: Chief Marketing Officer
Date:

Exhibit 1, pg. 2

ATTACHMENT "A"

SERVICE FEES

1.    Definitions.

      Gross Receipts.  "Gross Receipts" means the compensation collected by Three Rivers Provider
      Network from Payor pursuant to this Agreement.

      1.1   Savings.  "Savings" means the difference between the charges of the Participating Provider,
            as set forth on a claim, and the amount adjudicated as due to the Participating Provider by
            ~~Three Rivers~~ Network, as a repricing agent, or by Payor pursuant to such claim.  The determination of
            Savings shall be based upon the repricing by Three Rivers Provider Network or Payor and
            shall not be adjusted.

      1.2   Percent of Savings.  "Percent of Savings" means the percentage of the total Savings which
            shall be paid to Three Rivers Provider Network as Service Fees.

2.    Network Service Fees.  Payor shall pay Service Fees to Three Rivers Provider Network for access
      to the Three Rivers Provider Network ("Network Service Fees") based upon the following
      calculation:


|  | Percent of Savings |
|---|---|
| Three Rivers Provider Network | 10% |


Exhibit 1, pg. 3

D

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Three Rivers Provider Network, Inc. | 2007 SEP 28  AM 10: 48 <br> Meritain Health, Inc. ofka <br> North American Health Plans, Inc. |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** _San Diego_
**PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
William J. Hurley III
1620 5th Avenue, Suite 900

ATTORNEYS (IF KNOWN)
07 CV 1900 J (BLM)
San Diego, CA 92101

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)** USC # 1332 28(7)
Breach of contract and fraud action, Diversity jurisdiction

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☒ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ 20,000,000   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____   Docket Number _____

DATE  9/27/07

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

#142919  $350  1/2 9/28/07

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 142919   — KD

## September 28, 2007
## 10:50:45

### Civ Fil Non-Pris
USAO #.: CIVIL FILING; 07CV1900
Judge..: NAPOLEON A JONES, JR
Amount.:                    $350.00 CK
Check#.: BC 3508

## Total—>  $350.00

FROM: THREE RIVERS PROVIDER NETWORK
      V. MERITAIN HEALTH, INC
      CIVIL FILING